```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND


THE PROVIDENT BANK,              :

     Plaintiff,                  :

v.                               :    Civil Action No. GLR-11-2458

STEVEN M. MAY,                   :

     Defendant.                  :
```

**MEMORANDUM OPINION**

Now pending before the Court is a Motion to Dismiss and/or to Transfer this case (ECF No. 13), filed by Defendant, Steven M. May ("May"). The Plaintiff, Provident Bank, ("Provident") has filed an Opposition to the Motion to Dismiss (ECF No. 15) and consents to a transfer. The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For reasons that follow, Defendant's Motion to Dismiss will be denied and the case will be transferred to the U.S. District for the Southern District of Florida (West Palm Beach).

## I. Procedural History

On August 31, 2011, Provident filed a civil Complaint in the U.S. District Court for the District of Maryland seeking to recoup the balance of monies allegedly owed, stemming from a loan it made to May for the purchase of a vessel. (See ECF No.

1). Specifically, Provident seeks the balance owed on a vessel installment loan after the vessel was repossessed and sold.

On May 16, 2012, May filed a Motion to Dismiss seeking to have the Complaint dismissed on the grounds that this Court lacks personal jurisdiction over him. (See ECF No. 13). Specifically, May asserts that he is not a legal resident of the State of Maryland, but a resident of Florida. (Def.'s Mot. to Dismiss ¶¶ 1-4, ECF No. 13). Further, May argues that Florida is the most convenient location for this case to be litigated because it is where all of the witnesses reside and where the financing transaction occurred. (Id. ¶ 5).

Provident opposes the Motion to Dismiss and argues that May, at the time the Complaint was filed, had sufficient contacts with the State of Maryland to allow him to be subject to personal jurisdiction. (Pl.'s Opp'n at 2, ECF No. 15). Further, Provident argues that May was, in fact, served with a copy of the Complaint in Maryland. (Id.). Provident does not oppose the transfer of this case to the U.S. District Court for the Southern District of Florida (West Palm Beach), as it agrees that District would be the most convenient for all involved. (Id.).

## II. DISCUSSION

Maryland law provides for general personal jurisdiction under Md. Code Ann., Cts. & Jud. Proc., § 6-102(a), which states

2

in relevant part: "(a) A court may exercise personal jurisdiction as to any cause of action over a person domiciled in, served with process in, organized under the laws of, or who maintains his principle place of business in the State." Further, in addition to general personal jurisdiction, Maryland may also exercise personal jurisdiction over out-of-state defendants under its long-arm statute. Maryland Code Ann., Cts. & Jud. Proc. § 6-103 provides in pertinent part:

> (a) A court may exercise personal jurisdiction over a person who directly or by an agent:
>
>   (1) Transacts any business or performs any character of work or service in the State; [or]
>
>   (2) Contracts to supply goods, food, services or manufactured products in the State; . . . .

Federal courts may exercise personal jurisdiction over a non-resident defendant where an applicable state long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with constitutional due process. Stratagene v. Parsons Behle & Latimer, 315 F.Supp.2d 765, 768 (D.Md. 2004) (citing Nichols v. G. D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993)); see also Blueridge Bank v. Veribanc, Inc., 755 F.2d 371, 373 (4th Cir. 1985).

To satisfy due process, a party must have sufficient "minimum contacts" with the forum state such that the exercise of personal jurisdiction "does not offend traditional notions of

fair play and substantial justice." Int'l Shoe v. Wash., 326 U.S. 310, 316 (1945). Provident, correctly points out that

> [w]hen the court rules on a motion to dismiss for lack of personal jurisdiction without the benefit of an evidentiary hearing, the plaintiff's burden is 'simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge.' The Court, however, must construe all relevant pleadings and inferences in favor of the plaintiff.

Baker & Kerr, Inc. v. Brennan, 26 F.Supp.2d 767, 769 (D.Md. 1998) (citation omitted).

In the present case, Provident has fulfilled the requisite minimum burden. As a result, the Motion to Dismiss will be denied. First, it is clear, based upon the Complaint, that Provident has alleged sufficient facts to obtain personal jurisdiction over May. It is alleged in the Complaint, among other things, that May resides in Maryland. (Compl. ¶ 2). Second, there is no dispute that May was served with a copy of the summons and Complaint in Maryland. Third, although May disputes his residency, Provident has attached sufficient documentation to its Opposition, supporting May's continual contact with the State of Maryland at the time the lawsuit was filed. For example, the declaration of Wilmer Rapozo, attached as Exhibit A to the Opposition, reveals that subsequent to an investigation regarding May's most recent address, he determined that May resided at a Maryland address. (Pl.'s Opp'n Ex. A, ¶

4

11). In addition, attached as Exhibit E to the Opposition, is a web page indicating May has a Maryland office, which operates a construction management and asset development business. (Id. at Ex. E, at 1).

When considering the relatively low burden needed to establish a prima facie case of personal jurisdiction, it is clear, based upon the Complaint, as well as the attached documentation opposing the Motion to Dismiss, Provident has made a prima facie showing of a jurisdictional basis to survive the jurisdictional challenge. As a result, the Motion to Dismiss is DENIED.

Turning to the Motion to Transfer, 28 U.S.C. § 1404(a) governs transfers of venue. This statute provides in pertinent part:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or any district or division to which all parties have consented.

In deciding a motion to transfer, the court must "weigh in the balance a number of case specific factors." Mamani v. Bustamante, 547 F.Supp.2d 465, 469 (D. Md. 2008). Specifically, courts are to consider (1) the weight accorded to plaintiff's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice.

5

<u>Cross v. Fleet Reserve Ass'n Pension Plan</u>, 383 F.Supp.2d 852, 856 (D.Md. 2005).

Considering this Rule, the standards regarding transfer, and the representations of the parties, it is undisputed that the U.S. District Court for the Southern District of Florida (West Palm Beach) is the most convenient forum to litigate this matter and it is in the interest of justice that the case be transferred. All parties agree that (1) all of the witnesses are located in Florida; (2) the cause of action arose in Florida; (3) most, if not all, of the relevant documentation is in Florida; and (4) Provident initially desired to have this case heard in Florida. In fact, Provident consents to a transfer. As a result, the Court GRANTS the Motion to Transfer to the U.S. District Court for the Southern District of Florida (West Palm Beach).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 13) is DENIED. The Clerk of the Court shall ISSUE NOTICE of completed transfer to counsel for Provident and to the *pro se* Defendant and the Clerk is DIRECTED to TRANSFER this case to the U.S. District Court for the Southern District of Florida (West Palm Beach).

The Clerk is FURTHER DIRECTED to MAIL a copy of the Order to Counsel for Plaintiff as well as to the *pro se* Defendant. The Clerk is FURTHER DIRECTED to CLOSE the case in Maryland.

SO ORDERED this 17th day of August, 2012.

/s/
_____
George L. Russell, III
United States District Judge